# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| State of Minnesota,<br><br>        Plaintiff,<br><br>v.<br><br>Dan Faith Aschemann,<br><br>        Defendant. | Case No. 12-cr-248 (SRN)<br><br>**ORDER REMANDING CASE** |

Sarah E Kerrigan, Minneapolis City Attorney's Office, 350 South 5th Street, Room 210, Minneapolis, MN 55415, for Plaintiff.

Jill Clark, Jill Clark, LLC, 2005 Aquila Avenue North, Golden Valley, MN 55427, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

## I. INTRODUCTION

This matter is before the Court on Defendant Dan Faith Aschemann's Revised Notice of and Petition for Removal and Claims for Mandatory and Prohibitory Injunction. (Doc. No. 1.) For the reasons stated below, the Court determines that summary remand is required.

## II. BACKGROUND

On March 4, 2011, the Defendant was held "in civil contempt for failure to pay child support" by Minnesota's Fourth Judicial District Family Court. (Doc. No. 1-1 at pp. 40–42.) Hennepin County Deputies requested the Defendant to stand so that he could be taken into custody, but allegedly the Defendant refused and "struggled violently." (Id.) "One of

1

the deputies sustained injuries during the altercation with a cut to her finger and she also sustained rug burns while wrestling with the defendant." (Id.) The State of Minnesota charged the Defendant with Obstruction of the Legal Process or Arrest, Obstruction of the Legal Process—Interference with a Peace Officer, and Disorderly Conduct pursuant to Minn. Stat. §§ 609.50.1(1)–(2) and 609.72.1(3). (Id.) On October 12, 2012, Defendant filed this notice of removal of his state criminal prosecution. (Doc. No. 1.)

### III.    DISCUSSION

Under 28 U.S.C. § 1455(b)(4), the Court must promptly examine any notice of removal of a state criminal prosecution and summarily remand the case "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted." See Minn. v. Jenkins, 145 F. App'x 564 (8th Cir. 2005) (per curium) (remanding case when defendant "failed to show sufficient grounds to support his invocation of section 1443").[1]

Defendant filed his notice of removal pursuant to 28 U.S.C. § 1443(1).[2] That section

---

[1]    The Court notes that Defendant's notice of removal is likely untimely. A criminal case must be removed no later than 30 days after the arraignment in state court. See 28 U.S.C. § 1455(b)(1). Although the record is unclear, Defendant's removal petition suggests that trial has been completed in this matter. (Doc. No. 1 p. 6.) Moreover, Defendant incorrectly relies on 28 U.S.C. § 1446(b) to argue that his removal petition is timely; that provision only applies to removal in civil actions. Therefore, Defendant's removal petition is likely barred on procedural grounds. Even assuming, however, that Defendant complied with the procedural requirements for removal, the Court determines that the removal petition fails for substantive reasons addressed above.

[2]    Defendant also purports to remove this case pursuant to 28 U.S.C. §§ 1333 and 1334. Section 1333, however, concerns "admiralty, maritime and prize cases," and § 1334 concerns "bankruptcy cases and proceedings." Neither of these sections are applicable to this case.

permits removal of a state criminal prosecution "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof."

Removal jurisdiction under § 1443(1) is very limited. In City of Greenwood v. Peacock, 384 U.S. 808, 827–28 (1966), the Supreme Court held that removal under 28 U.S.C. § 1443(1) is not supported by a mere showing that an accused's federal equal civil rights have been illegally denied by state officials in advance of trial, that the charges against the accused are false, or that the accused is unable to obtain a fair trial in a particular state court. The Supreme Court stated:

> Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

Greenwood, 384 U.S. at 828. Similarly, in Georgia v. Rachel, which was decided the same day as Greenwood, the Supreme Court held that the phrase in § 1443(1) stating "any law providing for . . . equal civil rights," means any law providing for specific civil rights stated in terms of racial equality. 384 U.S. 780, 788 (1966).

In Johnson v. Mississippi, the Supreme Court clarified that, to successfully remove an action from state court based on § 1443, the petition must satisfy a two-prong test. 421 U.S. 213, 219–20 (1975). First, the petitioner must show that the right allegedly denied "arises under a federal law providing for specific rights stated in terms of racial equality." Id. (citation omitted). "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting

3

against racial discrimination, will not suffice." Id. at 219. Thus, "[s]ection 1443 applies only to denials of specific rights of racial equality and not the whole gamut of constitutional rights." United States ex rel. Sullivan v. Mo., 588 F.2d 579, 580 (8th Cir. 1978) (per curiam); see also accord Neal v. Wilson, 112 F.3d 351, 355 (8th Cir.1997) (holding that removal under § 1443(1) is proper only where a party shows reliance "upon a law providing for equal civil rights stated in terms of racial equality").

Second, the petitioner must show that he is being denied or cannot enforce specific federal rights in the state court. Johnson, 421 U.S. at 219–20. The Court noted that this provision typically requires "that the denial be manifest in a formal expression of state law, such as a state legislative or constitutional provision, rather than a denial first made manifest in the trial of the case." Id. (citation omitted). Indeed, the Court stated that except in the "unusual case where an equivalent basis could be shown for an equally firm prediction that the defendant would be denied or cannot enforce the specified federal rights in the state court," the protections of federal constitutional or statutory rights could be protected during the state proceedings. Id. (citation omitted).

Defendant claims that the state's criminal prosecution of him violates his (or in some cases his attorney's) rights under the First, Fourth, Sixth, and Fourteenth Amendments of the United States Constitution as well as his rights under 42 U.S.C. §§ 1983, 1985, and 1986. (Doc. No. 1 at pp. 18–19.) Defendant and his counsel appear to allege that the state court system unfairly treats prosecutors more favorably than criminal defense attorneys, regularly issues unlawful warrants, fails to protect Defendant's constitutional rights, and has refused his attorney's request for an accommodation for her disability. (Id. at pp. 3–8, 16–

4

21.)

Defendant has not alleged that either he or his attorney has been subjected to any racial discrimination or that he is being prosecuted in violation of a specific statute barring racial discrimination. (Cf. Doc. No. 1.) The Supreme Court has stated that claims that prosecution and conviction will violate rights under constitutional and statutory provisions of "general applicability" do not allow a Defendant to remove a case from state court. Johnson, 421 U.S. at 219. The First, Fourth, Fifth, Sixth, and Fourteenth Amendments are "constitutional . . . provisions of general applicability," and do not create specific racial equality rights. Id.; see also Rachel, 384 U.S. at 792. Similarly, the statutory provisions Defendant cites—such as 42 U.S.C. §§ 1983, 1985, and 1986—do not specifically provide for any racial equality rights. See, e.g., Henley v. Brown, 686 F.3d 634, 640 (8th Cir. 2012) (stating that § 1983 is not a source of substantive rights); Doe v. Berry, 967 F.2d 1255, 1257 (8th Cir. 1992) (per curiam) (holding that claims brought under §§ 1983 and 1985 are not a proper basis for removal under § 1443). Accordingly, the removal petition fails as a matter of law because Defendant's petition is not based on any allegations of racial discrimination and the case must be summarily remanded to Minnesota state court.[3]

---

[3] Even if Defendant has relied on a proper source of federal right in support of his removal petition, Defendant would fail to meet the second prong of the § 1443 removal test. To meet this prong, Defendant must show that there is a state law preventing him from raising his federal claims in state court or that there is a basis for an "equally firm prediction" that he will be unable to protect his federal rights in state court. Johnson, 421 U.S. at 219. Defendant's removal petition does not identify any state law that prevents him from alleging any racial based federal rights in state court or that there is a "firm prediction" that he will be unable to protect his federal rights in state court. See, e.g., Neal, 112 F.3d at 355 (defendant's basis for removal "boil[ed] down to little more than a belief by him that, since the state actors disagree with him and his lawyers, they must

## IV. ORDER

Based on the foregoing, and all of the files and records herein, **IT IS HEREBY ORDERED** that this case is summarily **REMANDED** to state court. The Clerk of the Court shall mail to the Clerk of the Hennepin County District Court a copy of this Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: October 19, 2012             s/_____
                                    SUSAN RICHARD NELSON
                                    United States District Judge

---

have racially discriminatory motives").